## Case No. 1,679.

### In re BOSTON, H. & E. R. CO.

[5 N. B. R. 232.][1]

District Court, S. D. New York. Feb. 27, 1871.[2]

BANKRUPTCY—CREDITOR NOT PETITIONING CANNOT INTERFERE.

A motion on the part of a creditor who is not a party to the petition, that the proceedings on the petitions for adjudication be dismissed, must be denied on the ground that the denials of bankruptcy by debtors are questions solely between the petitioning creditors and the debtors, with which no outside party, sustaining merely the relation of a person who claims to be a creditor of the debtors, can be permitted to interfere.

> [Cited in Re Bush, Case No. 2,222. Disapproved in Re Bergeron, Id. 1,342; Re Donnelly, 5 Fed. 785. Distinguished in Re Mendelsohn, Case No. 9,420.]

In bankruptcy.

J. H. Choate, for the motions.
C. A. Kevan and W. E. Curtis, opposed.

BLATCHFORD, District Judge. The motion on the part of Seth Adams, claiming to be a creditor of the above named debtors, that he may be allowed to defend in this court against petitions filed in this court by James Alden and the Adams Express Company who also claim to be creditors of said debtors, to have such debtors adjudged bankrupt is denied. If the debtors have any defence against such petitions, it is for them to make it out against the petitioning creditors. Mr. Adams can have no concern in the matter certainly before adjudication. His motion that the proceedings on the said two petitions for adjudication in this court, and all proceedings in bankruptcy in this court in the matter of said debtors may be perpetually stayed, or that said petitions and proceedings may be dismissed, is also denied, without considering any of the merits discussed on the motion, on the ground that at this stage of the proceedings such a motion cannot be made by Mr. Adams. The questions at issue now on the petitions for adjudication in this court, and the denials of bankruptcy by the debtors, are questions solely between such petitioning creditors and the debtors, with which no outside party, sustaining merely the relation of a person who claims to be a creditor of the debtors, can be permitted to interfere. No question of jurisdiction is involved. This court has full jurisdiction of the petitions for.

---

[1] [Reprinted by permission.]
[2] [Reversed in Case No. 1,678.]

adjudication, notwithstanding anything alleged on these motions. If the debtors shall be adjudged bankrupt by any other court before they are adjudged bankrupt by this court, a different state of things and different questions will arise.

[NOTE. For other proceedings in Massachusetts, see Cases Nos. 47,152 and 13,684; in New York, see Case No. 1,680; in Connecticut, Case No. 1,677.]