## SUPREME COURT—IN BANCO.

### JANUARY TERM—1876.

*Harris and Judd, J. J.*

---

### B. F. BOLLES *vs.* F. G. PADEKEN,—IN BANKRUPTCY.

AN outside creditor with interests to protect may intervene on a petition for an adjudication of bankruptcy, when the Court is satisfied that the intervention will serve a useful purpose.

In a petition to declare a debtor bankrupt, an averment that he owes $2000 and upwards, is essential.

Allowance of amendments is discretionary with the Court, and is not a matter of exception.

The petitioning creditor, B. F. Bolles, filed a petition on the 18th of December last, praying to have one Frederick G. Padeken declared a bankrupt, and alleging as grounds that Padeken owed him, the petitioner, the sum of $480.12, and that Padeken had departed this kingdom with the intention to defraud and delay his creditors; and there were no other grounds alleged.

The return day was fixed for the 7th of January, and in the meantime, to wit, the 29th of December, the petitioner filed another petition setting forth the former proceedings in the matter, and also, that Mr. Henry B. Jackson had obtained an execution against the goods and chattels of Padeken, and that by virtue of that execution, the Marshal had taken possession of some of Padeken's goods and chattels, and the petitioner therefore prayed that an injunction might issue prohibiting the Marshal from paying over the proceeds of the sale of the said goods and chattels to the said Jackson; the injunction was issued, to abide the result of the bankruptcy proceedings.

It appeared in evidence, that Padeken left the country to avoid a criminal prosecution.

Mr. Hartwell appeared for Mr. Jackson, and finally the petition was dismissed, because the petition did not allege and it was not proven, during proceedings, that Padeken owed $2000. Exceptions are alleged as follows:

"Be it remembered that at the hearing of the above cause the counsel of Henry B. Jackson, was on his motion permitted to appear, defend, and move the dismissal of the proceedings in bankruptcy herein against the objections of the petitioning creditor, to which decision of the Court the petitioning creditor excepts;" and further, "that upon the hearing of the cause, and after the testimony of the petitioning creditor was heard, the counsel of Henry B. Jackson moved to dismiss the petition upon the ground that it was not averred in the body of said petition that said Frederick G. Padeken was owing debts to the amount of $2000, and there was no proof of any other debt than that of the petitioning creditor, when petitioning creditor's counsel asked leave to amend said petition by inserting said words, which was denied by the Court and the petition dismissed, to which ruling of the Court the petitioning creditor excepts and prays that this his bill of exceptions be signed by the Court and

84

certified to the Supreme Court, which is done accordingly."
Honolulu, January 8th, 1876.

(Signed)      A. FRANCIS JUDD,

Justice Supreme Court.

It is claimed that the attorney for Jackson should not have
been allowed to make an appearance, because he is merely
an outside creditor.

It seems to have been held, in the New York Southern
District, in the case of the Boston, Hartford & Erie R. R.,
that a petition for adjudication of bankruptcy "is a matter
solely between the petitioning creditor and the debtor, in
which no outside party claiming merely to be a creditor may
interfere," (5 N. B. R., 232) and this appears to be reason-
able, for if every one who merely claimed to be a creditor
might interfere, the proceedings might be interminable in
investigating whether the objectors were creditors or not.
But proceedings being had against this same railroad, in the
Connecticut district, it was held that "the proceeding be-
tween the petitioning creditor and the bankrupt is not a
mere suit *inter partes*, but partakes of the nature of a pro-
ceeding *in rem.*, so that other creditors who have not proved
their debts are not in *all* cases excluded from a hearing. To
justify an intervention by an outside creditor, the latter must
show that he is a creditor, that he has an interest to protect,
and must satisfy the Court that the intervention will serve a
useful purpose either in protecting the rights of the applicant
or those of the creditors at large."

Now Jackson did not *merely claim* to be a creditor, but he
had been directly summoned by the petitioning creditor him-
self and made a party to the proceedings, and he was averred
by the petitioning creditor to be a judgment creditor and to
have caused his execution to be levied on the goods and
chattels against which this process is directed, so that this
case would not be within the dictum in the New York Dis-

trict above cited.      But we prefer to adopt the dictum uttered in the Connecticut District.

The presence or absence of counsel for Mr. Jackson had no effect on the judgment other than the assistance which may have been rendered to the Court in the examination of witnesses, for the case was finally dismissed, because that sufficient statutable grounds for declaring the debtor bankrupt were neither alleged in the petition nor proved during the hearing.    The statute reads as follows, Civil Code, s. 962: "Every person owing debts to the amount of $2000, who shall refuse or fail to make payment  *  *  *  *  may, upon petition to any Justice of the Supreme Court by any one creditor to the amount of $400, be declared bankrupt."

This petition, as it appears, contained no averment that the debtor owed $2000, nor was there any proof to that effect, but as it appears by the record sent up, after all had closed and the Judge was proceeding to express his opinion that the petition should be dismissed, a motion was made to amend the petition by inserting words expressive of the fact that the debts of Padeken did amount to $2000, and the motion was denied.

Counsel for the petitioner now claims that the Court erred in denying his motion, and that he had the right to amend by the force of Section 1145 of the Civil Code, which reads as follows:   "Whenever a plaintiff in any action shall have mistaken the form of action suited to his claim, the Court on motion shall permit amendments to be made on such terms as it shall adjudge reasonable, and the Court may, in furtherance of justice and on the like terms, allow any petition or other pleading to be amended in any matter of mere form, by adding or striking out the name of any party or by correcting a mistake in the name of a party, or a mistake in any other respect."

It could scarcely be thought to be a mistake within the meaning of this statute, when the most essential point is not

B. F. Bolles *v.* F. G. Padeken.

included in the petition and no evidence is offered to establish that point; more especially when, as in this case, the record shows that much argument was gone into to show that it was not necessary to make the averment, even after the motion to dismiss had been made.

Independently of the statute, the matter of amendment is entirely within the discretion of the Court, and we do not think we can do better than to quote at length, one of the cases to which the petitioner's counsel have referred us, in 13 Conn., 471, viz.: "In this state the Courts, in the exercise of their discretionary power, in ordinary cases have refused to sanction amendments of pleadings, after they have been adjudged insufficient upon motion in arrest. 1 Sw. Dig., 779. And the present motion discloses nothing which should induce us to depart from established practice in such cases, and by doing so we fear we might encourage a negligence and laxity in pleading and practice, which would prove very inconvenient both to the bar and the Court."

The exceptions are overruled.

W. C. Jones for the creditor petitioning.

A. S. Hartwell for the judgment creditor.

Honolulu, January term, 1876.